## Evans et al., Appellants, v. McKee.

*Resulting trust—Trust ex maleficio—Evidence—Declarations.*

Where a son, acting for his father, the plaintiff in an execution, purchases real estate at a sheriff's sale for an inadequate price, but pays the purchase money out of his own pocket, and the father by his subsequent conduct shows that he had knowledge of the whole transaction, the son will not be declared a trustee ex maleficio for the father or the father's heirs.

In such a case declarations made by the father after the sale, claiming the land as his own, are inadmissible as evidence of a resulting trust.

Argued Oct. 12, 1892.    Appeal, No. 226, Oct. T., 1892, by plaintiffs, David Evans et al., heirs at law of Alexander McKee, from judgment of C. P. Mercer Co., Sept. T., 1891, No. 71, on verdict for defendant, Joseph McKee.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment for twenty-five acres of land.

At the trial, before MEHARD, P. J., plaintiffs claimed an undivided interest in the land as the heirs of Alexander McKee. The legal title was in defendant, a son of Alex. McKee.    The evidence on behalf of plaintiffs tended to establish the following facts :

Alex. McKee held judgments against Wm. McKee, his stepson, for about $1,000, which were liens on a piece of land inherited by William from his mother, worth about $1,300. Alex. McKee caused writs of execution to be issued on said judgments, and employed G. E. Patterson, now deceased, as his attorney.    He did not see Mr. Patterson in person, but sent a message employing him, and ordering said executions, by Jos. McKee, the defendant, a son of Alex. McKee.    The land of Wm. McKee was levied on, and after due advertisement was sold by the sheriff at public sale and was bought by Jos. McKee, the defendant, for $100.    Jos. McKee paid this bid to the sheriff out of his own funds, and Mr. Patterson, as attorney for Alex. McKee, received the amount distributed to his client's judgment.    Some time thereafter Jos. McKee sold said land to one Giles, and Alex. McKee joined in the deed of conveyance wherein it is stated that Alex. McKee joined in said deed in order to convey an estate by the courtesy he had as the husband of the deceased mother of Wm. McKee, and the title of Jos. McKee, under the sheriff's sale, was also therein recited.    A bond for the purchase money was taken by Jos. McKee.    Alex. McKee lived for some time after the sale to Giles.    After the death of Alex. McKee the land was sold by the sheriff, on an execution based on the bond given by Giles to Jos. McKee for the purchase money, and at said sale Jos. McKee again bought said land, and still holds it.    Alex. McKee was about eighty years old when he died.    There was no evidence that his mental powers had failed unusually for

one of his age.  There was no evidence that Jos. McKee had any influence over his father superior to that of the other children.  There was no evidence that Jos. McKee had attempted to influence his father in any way, or that he was in a position of advantage with respect to him.

Under objection and exception the court refused to admit in evidence the declarations of Alex. McKee, made after the sheriff's sale in this case, that he knew nothing of the sales till after they were over, and that he would not have had the land sold if he had known anything about it, as he wished Wm. McKee, his stepson and defendant in the judgment, to hold the land as long as he, Alexander, lived; and that after the sheriff's sale Alex. McKee, the decedent, claimed the land as his and desired to sell the same to a witness. [1, 2]

The court gave binding instructions for defendant. [3]

Verdict and judgment for defendant.  Plaintiffs appealed.

*Errors assigned,* were (1, 2) rulings on evidence, and (3) instructions; quoting the substance of the declarations as above, but not the bills of exception or the charge.

*J. G. White,* for appellant.

*Sam. Redmond,* and *Griffith & Son,* for appellee, not heard.

PER CURIAM, November 7, 1892:

The legal title to the premises in question never was in Alex. McKee.  It was claimed, however, that the equitable title was in him by reason of a resulting trust.  Such trust must result from the payment of the purchase money or by a fraud in obtaining the title.  It was not pretended that the money was paid by Alex. McKee, or that his money was used in the transaction.  It was not disputed that Jos. McKee paid for it with his own money.  Nor are we able to see that any such fraud was practiced by the latter in obtaining the title as would make him a trustee ex-maleficio.

We think the learned judge below was right in excluding the declarations of Alex. McKee made after the sheriff's sale. The defendant's title could not be affected in this manner.

Judgment affirmed.